

# THE SUPREME COURT OF TEXAS
Post Office Box 12248
Austin, Texas 78711

(512) 463-1312

March 29, 2013

Mr. Gregory D. Smith
Ramey & Flock, P.C.
100 E. Ferguson, Suite 500
Tyler, TX 75702

Mr. Charles R. 'Skip' Watson Jr.
Locke Lord Bissell & Liddell, L.L.P
100 Congress Ave., Suite 300
Austin, TX 78701-4042

RE: Case Number: 10-0887
   Court of Appeals Number: 12-08-00175-CV
   Trial Court Number: 2004-299

Style: WENDELL REEDER
   v.
   WOOD COUNTY ENERGY, LLC; WOOD COUNTY OIL & GAS, LTD.; NELSON
   OPERATING, INC.; DEKRFOUR, INC.; BOBBY NOBLE; EXZENA OIL
   CORPORATION; DAVID FRY AND PATRICIA FRY

Dear Counsel:

Today, the Supreme Court of Texas granted the Motion for Rehearing and issued a Supplemental Per Curiam Opinion in the above-referenced cause. The judgment issued August 31, 2012 is withdrawn and substitutes the judgment of this date.

Sincerely,

Blake A. Hawthorne

Blake A. Hawthorne, Clerk

by Claudia Jenks, Chief Deputy Clerk

cc: Ms. Jenica Turner
  Ms. Cathy S. Lusk

FILED IN COURT OF APPEALS
12th Court of Appeals District

APR - 1 2013

TYLER TEXAS
CATHY S. LUSK, CLERK

# IN THE SUPREME COURT OF TEXAS

No. 10-0887

WENDELL REEDER, PETITIONER,

v.

WOOD COUNTY ENERGY, LLC, WOOD COUNTY OIL & GAS, LTD., NELSON
OPERATING, INC., DEKRFOUR, INC., BOBBY NOBLE, EXZENA OIL CORPORATION,
DAVID FRY, AND PATRICIA FRY, RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE TWELFTH DISTRICT OF TEXAS

## SUPPLEMENTAL PER CURIAM
## ON MOTION FOR REHEARING OF CAUSE

In their motion for rehearing, respondents contend that this Court's judgment improperly reversed portions of the trial court's judgment that petitioner did not challenge and we did not address. We agree. For the reasons explained in our opinion issued August 31, 2012, the trial court erred in entering judgment for respondents on their claims governed by the joint operating agreement. But petitioner did not challenge the portion of the judgment awarding $7,500 plus $7,500 in associated attorney's fees to Patricia Fry or the portion granting declaratory relief and awarding $55,000 in associated attorney's fees to respondents. We therefore grant the motion for rehearing, withdraw our judgment dated August 31, 2012, and issue a new judgment that affirms those portions

of the trial court's judgment and reverses and renders a take-nothing judgment on the remaining claims.

**OPINION DELIVERED:** March 29, 2013